JOHN CRAWFORD v. NEWTON D. WOODY and others.

Where a debtor transferred by deed to his creditor, his interest in a certain receipt given by a Constable for notes in the hands of the latter for collection, specifying the receipt as then in suit, and authorizing the creditor to receive the proceeds; and at the same time the creditor gave to the debtor a receipt stating that the amount to be received from the Constable should be credited on the note due by the debtor to him, *held* that by such agreement, the exclusive right to control the pending suit and to receive i̲t̲s proceeds, was vested in the creditor, and that the debtor was entitled to a credit upon his note for any amount *paid into the Clerk's office*, or otherwise, under a judgment thereon; also, that so far from its being the duty of the debtor to receive such amount and tender it to the creditor, he was not authorized to receive it.

(*Ellis* v. *Amason*, 2 Dev. Eq., 273; *Hoke* v. *Carter*, 12 Ire. 324, cited and approved.)

DEBT, tried at Spring Term 1868 of the Superior Court of ALAMANCE, before *Cilley, J.*

This action was brought by the plaintiff, as endorsee, against the defendant, Newton D. Woody, the obligor, and the other defendants, Berry Davidson, Caleb Dixon, Solomon Dixon, and Paris S. Benbow, the obligees and endorsers, of a bond for the payment of $2,045.02, bearing date Dec. 1st, 1855, and due one day after date.

The pleas were, Payment and set off, Accord and satisfaction.

It was in evidence that while the bond belonged the the endorsers, who were then partners under the name and style of S. Dixon, Davidson & Co., the defendant Woody executed to them the following transfer:

"Know all men by these presents that I, N. D. Woody, for value received, have assigned, transferred and set over, and by these presents do assign, transfer and set over to Solomon Dixon, Berry Davidson, Caleb Dixon and P. S. Benbow, trading and doing business under the name and style of S. Dixon, Davidson & Co., all my interest, right, title and claim to the debts due me which are contained in a Constable's receipt given to me by J. S. Ritter, of the county of Moore,

upon which a suit has been brought against the said Ritter and his sureties, which is now pending in the Superior Court of Law of Guilford county. A portion of the claims embraced in said receipt have been paid to me, and it is the intent of the parties to this instrument that the balance of the debts not collected and paid over by the said Ritter, are assigned and pass under this instrument. And I, the said N. D. Woody, do by these presents constitute the said S. Dixon, Davidson & Co., my true and lawful Attorneys, for me, and in my name to receive from the said J. S. Ritter, the Clerk, Sheriff, or whoever may have them in hand, the aforesaid moneys due on the above receipt, and full acquittance and discharge for me to give for the same, as I myself might or could do, and the money, when so received, to apply to their own exclusive use and benefit. In testimony whereof, I have hereunto set my hand and seal, this ninth day of February, 1861.

    (Signed,)         NEWTON D. WOODY, seal."

And the said firm passed thereupon to Woody, the following receipt:

" Received of N. D. Woody, a transfer of accounts embodied in a Constable's receipt, made by J. S. Ritter, of the county of Moore, which receipt is now in suit in the Superior Court of Guilford. The amount received on said receipt is to be credited on a note in my hands due to the Snow Camp Ma. Co., with Thomas Dixon as surety, and made 1st 12 m. 1855, for $2,045.02. The Ritter receipt he says he thinks is worth about ($900.00) nine hundred dollars. This 10th 12m. 1861.

    (Signed)         P. S. BENBOW, Agt.

                    Snow Camp Ma. Co."

The defendant then offered to show that the suit on the Ritter receipt had been prosecuted to a judgment, that the judgment had been discharged; and the money paid into the Clerk's office, and when it was paid in; but his Honor intimated that it was unnecessary to proceed further in the case unless some evidence of a tender of the money could be adduced.

The defendant, Woody asked his Honor to instruct the

jury that upon the evidence, he was entitled to a credit for the amount of the Ritter judgment as a payment on his bond. This his Honor declined to do, and he instructed the jury that the defendant was *not* entitled to a credit for the Ritter claim; that to have so entitled himself he should have proved an actual tender of the money to Benbow. The defendants excepted to the ruling of his Honor. Verdict for the plaintiff. Judgment, and Appeal by defendant.

*Scott & Scott*, for the appellants.

No counsel, *contra.*

PEARSON, C. J.  The plaintiff having taken the assignment of the bond after it was due, took subject to the defences which could be made against the assignors.

The legal effect of the deed, executed by Woody, February 1861, was to transfer to Dixon, Davidson and Co., all of the debts set out in Ritter's receipt, except such as had been collected and accounted for, and to vest in them the equitable interest, with power to receive and collect for their own use, and to take the management and control of the suit then pending on the bond of Ritter, and of all the subsequent proceedings.  This was not a naked power, but one coupled with an interest, and if Woody had attempted after that to arrange the matter with Ritter and his sureties, Equity would have protected the right of the assignees, by injunction, against pleading a release or dismissing the action, *Ellis* v. *Amason*, 2 Dev. Eq. 273.

The deed executed by Benbow, was the consideration of the deed executed by Woody, and its legal effect was to entitle Woody to a credit for the amount paid into the office or collected by the Sheriff, and to make it a payment on the bond of Woody, the instant it was received by the Clerk or Sheriff in discharge of the judgment which had been rendered against Ritter and his sureties.  It was then the money of Dixon, Davidson & Co., and neither the Clerk nor Sheriff had a right to pay it to Woody.  In fact the only reason for not

giving Woody credit for it at the date of the deed, was because the amount could not then be fixed, but the instant it became fixed by collection under the judgment, the law applied it as a payment according to the intent of the parties. *Hoke* v. *Carter*, 12 Ire. 324. In that case Fleming sold a note to Hoke without indorsement. Suit was brought in the name of Fleming. The Sheriff collected the money and paid it over to Fleming. It was held that Hoke could maintain an action against the Sheriff for "money had and received," on the ground that it became Hoke's money by operation of law, as soon as the Sheriff collected it.

So in our case, so far from its being the duty of Woody to take the money out of the Clerk's office and make a tender to the assignees, Dixon, Davidson & Co., he had no right to interfere with the money. It was not his, but had been appropriated by law, as a payment on the bond, according to the legal effect of the deed of Benbow, the agent of the assignees. It follows that his Honor erred in holding that a tender of the money by Woody to Benbow, was necessary to make it amount to a payment; and that the evidence offered of the judgment against Ritter, and that it had been paid off and discharged, was entirely sufficient.

PER CURIAM. *Venire de novo.*